UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA L. SOUTHERLAND,

        Plaintiff,

-v-

TATIANA G. STANISZEWSKI,
JEFFREY D. STANISZEWSKI, and
PROGRESSIVE CASUALTY
INSURANCE COMPANY,

        Defendants.

---

1:22-CV-23-JLS-MJR

REPORT and RECOMMENDATION

This case has been referred to the undersigned by the Honorable John L. Sinatra, Jr. to handle all pre-trial matters, including preparation of a report and recommendation on dispositive motions. Before the Court is a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure brought by Defendant Progressive Casualty Insurance Company (Dkt. No. 7), as well as a motion to dismiss pursuant to Rule 12(b)(6), a motion to sever pursuant to Rule 21 of the Federal Rules of Civil Procedure, and motion for remand pursuant to 28 U.S.C. § 1447(c) brought by Defendants Tatiana G. Staniszewski and Jeffrey D. Staniszewski (Dkt. No. 9). For the following reasons, it is recommended that Defendant Progressive's motion to dismiss be granted in part and the matter be remanded to State court.

## PROCEDURAL HISTORY

This action was brought by Plaintiff Jessica L. Southerland ("Plaintiff" of "Southerland") in New York State Supreme Court, County of Erie, on September 16, 2021

asserting causes of action for fraud and negligence stemming from a motor vehicle accident. (Dkt. No. 1-2, pgs. 16-22). Plaintiff subsequently filed an amended complaint on November 23, 2021 to add a class action claim for deceptive business practices. (*Id.*, pgs. 69-81). The amended complaint is the operative pleading for this motion. Defendant Progressive Casualty Insurance Company ("Progressive") thereafter removed the case to District Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446, and 1453. (Dkt. No. 1).

On January 31, 2022, Progressive brought the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff's complaint fails to state claims upon which relief can be granted. (Dkt. No. 7). On February 4, 2022, Defendants Tatiana Staniszewski and Jeffrey D. Staniszewski (collectively the "Staniszewskis") brought the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), motion to sever pursuant to Fed. R. Civ. P. 21, and motion for remand pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 9). The Staniszewskis seek dismissal of Plaintiff's fraud claims against them, severance of Plaintiff's fraud and class actions claims asserted against Progressive from Plaintiff's negligence claim against the Staniszewskis, and an order remanding the case against the Staniszewskis to State court. (*Id.*). Plaintiff filed a response in opposition to both motions. (Dkt. No. 15). Progressive and the Staniszewskis each filed a reply. (Dkt. Nos. 16; 17). The Court heard oral argument on the motions on March 25, 2022.

The Court requested additional briefing on several issues. The parties each filed supplemental memoranda (Dkt. Nos. 23; 24; 26), and supplemental replies (Dkt. Nos. 27; 28; 29). At that time, the Court considered the matter submitted for report and recommendation.

## RELEVANT FACTS and BACKGROUND

This action arises out of a single-car accident that occurred on June 3, 2021 in Mapleville, North Carolina.[1] Plaintiff Southerland was a passenger in a vehicle operated by Defendant Tatiana G. Staniszewski when Staniszewski's excessive speed or other negligence caused her to lose control of the vehicle and leave the roadway. (Dkt. No. 1-2, Amended Compl., ¶¶ 1, 10-11). As a result of the accident, Southerland suffered serious personal injuries, including a concussion, for which she underwent medical treatment. (*Id.*, ¶¶ 12, 23-24). Defendant Jeffrey D. Staniszewski was the registered owner of the vehicle. (*Id.*, ¶ 7). The Staniszewskis are policyholders with Progressive Casualty Insurance Company. (*Id.*, ¶ 51). Plaintiff Southerland and both Staniszewski Defendants are residents and citizens of the State of New York. (*Id.*, ¶¶ 1-3). Defendant Progressive is a citizen of the State of Ohio based on its place of incorporation and principal place of business. (*Id.*, ¶ 4; Dkt. No. 1, Notice of Removal, ¶ 14).

On June 4, 2021, Southerland was contacted by Sonia Pierre, a representative of Progressive, on behalf of the Staniszewskis. (Amended Compl., ¶ 22). On or about June 7, 2021, Pierre presented Southerland with a General Release (the "Release"). (*Id.*, ¶ 26). A copy of the Release is annexed to the complaint. (Dkt. No. 1, pg. 24). The document purports to release and hold harmless Tatiana Staniszewski and Progressive from "any and all claims, actions, causes of action, demands, rights, damages, costs, loss of wages, expenses, hospital and medical expenses, loss of consortium, loss of service, and any other compensation whatsoever" arising from the automobile accident. (*Id.*). In consideration of the release of liability, Southerland would receive $700 for general

---

[1] The facts in this section are taken from Plaintiff's Amended Complaint and are assumed to be true for purposes of this motion.

damages, up to $5,000 for medical expenses incurred to the date of the Release, and up to $1,500 for medical expenses incurred within 15 days after the Release. (*Id.*). The Release stated that Southerland understood that her injuries were or may be permanent, that her recovery was uncertain and indefinite, and that the release was made "without reliance upon any statement or representation of the party or parties being released, or their representatives, or by any physician or surgeon by them employed." (*Id.*). It further stated: "[t]he undersigned further declare(s) and represent(s) that no promise, inducement, or agreement to herein expressed has been made to the undersigned and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital." (*Id.*). The Release bears Southerland's signature and a date of June 10, 2021. (*Id.*).

Prior to signing the Release, Pierre represented to Southerland that her medical bills would not be paid if she did not sign the Release. (Amended Compl., ¶ 28). Pierre was aware that Southerland had been involved in a motor vehicle accident several days prior and was aware of her medical care and diagnosis. (*Id.*, ¶¶ 25-26, 34). Southerland alleges that Pierre "intentionally mislead Plaintiff into believing that her medical bills would not be paid if Plaintiff did not sign the release and knew her statements to be false." (*Id.*, ¶ 29). She further alleges that Pierre was trained on applicable law by Progressive in order to perform her job duties, yet she intentionally misrepresented the law in a material manner in order to obtain the signed Release. Southerland alleges that she reasonably relied on the fraudulent misrepresentations made by Progressive's representative when executing the Release. (*Id.*, ¶ 30).

Based on these allegations, Southerland asserts a cause of action for negligence against the Staniszewskis. She asserts a cause of action for fraud in the inducement/duress against all Defendants.

Southerland also brings a class action claim under New York General Business Law Section 349 ("GBL § 349") based on Progressive's allegedly deceptive and unconscionable business practices. (*Id.*, ¶ 58). She makes these allegations on behalf of herself and "all individuals who sustained personal injuries as a result of a motor vehicle accident that was the fault of a policy holder of Defendant Progressive and were misled into signing a Release based on fraudulent misrepresentations by an agent/employee of Defendant Progressive […] within a brief period of time following the accident." (*Id.*, ¶ 39). As an unsophisticated party, Plaintiff alleges that she relied on "the express false representations of an agent and/or employee of Defendant Progressive that the Release had to be signed or her medical bills would not be paid." (*Id.*, ¶ 52). Progressive did not advise Southerland that she could or should seek an attorney prior to signing the Release. (*Id.*, ¶ 53). Southerland did not understand that by signing the Release she was waiving her right to sue the Staniszewskis for the injuries she sustained in the accident. (*Id.*, ¶ 54).

## DISCUSSION

I. *Rule 12(b)(6) Pleading Standard*

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In order to state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See*

Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). Application of the motion to dismiss standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991).

II. <u>Motion to Dismiss</u>

Defendant Progressive moves to dismiss Plaintiff's complaint on the basis that the Release bars such claims. (Dkt. No. 7-1, pgs. 3-4). In the alternative, Progressive argues that Plaintiff has not alleged the essential elements to support a cause of action for fraud nor a GBL § 349 claim. (*Id.*, pgs. 5-11).[2] The Staniszewskis separately move to dismiss

---

[2] Progressive also moved to strike the portions of Plaintiff's complaint seeking treble damages for Progressive's alleged violations of GBL § 349. (Dkt. No. 7-1, pg. 11). Subsequently, Progressive withdrew

Plaintiff's cause of action for fraud on the basis that Plaintiff fails to allege that they played any role in the alleged fraud. (Dkt. No. 9-8, pgs. 3-4). The Court first addresses the sufficiency of Plaintiff's class action GBL § 349 claim and its effect on the Court's subject matter jurisdiction.

### a. GBL § 349 Claim

New York General Business Law Section 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." NY CLS Gen Bus § 349. To state a claim under § 349, a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Importantly, for a consumer to maintain a claim under GBL § 349, the transaction in which the consumer was deceived must have occurred in New York. *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324-25 (2002) ("Thus, to qualify as a prohibited act under the statute, the deception of a consumer must occur in New York."); *Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. Appx. 5, 8 (2d Cir. 2012) (plaintiffs must allege that they were deceived in New York); *see also Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781, 800 (S.D.N.Y. 2011) (explaining that the legislative history of the statute makes clear that it was intended to protect consumers in the State of New York and it "was not intended to police the out-of-state transactions of New York companies.").

Here, Plaintiff's complaint plainly fails to allege that any deceptive act or practice occurred within New York. She makes no allegations as to where the allegedly false or

---

this request to strike while reserving its right to renew the argument, if appropriate, at the class certification or summary judgment stage. (Dkt. No. 24, pg. 5).

misleading representations regarding the Release were made. In fact, the complaint suggests that the alleged deception may have occurred in North Carolina, where the motor vehicle accident happened. Plaintiff offers only that she was contacted by Progressive's representative the day after the accident and presented with the Release several days later. She does not allege the physical location of any meeting or communication with Progressive nor does she provide any other pertinent facts which might link the transaction to New York.

In response to this motion, Plaintiff's counsel argues that "Plaintiff executed the subject Release on June 10, 2021, upon her return to her residence in New York State," and that Progressive should have been aware of that fact. (Dkt. No. 15-1, pg. 13). This argument is unavailing. First, the statement is unpled and cannot be considered on a motion to dismiss. Second, even if it were properly plead, the allegation is insufficient because it does not demonstrate that the alleged misrepresentation took place in New York. Assuming, *arguendo*, that Plaintiff did sign the Release in New York, she has not alleged that the Release itself contained fraudulent terms. Plaintiff's only claim of fraud is that the misrepresentations of Progressive's employee induced her into signing the Release, but she offers no allegation that the misrepresentations occurred in New York. Further, the determination of where an allegedly deceptive act occurred is fact dependent and cannot be determined based solely on Plaintiff's residence at the time of the deceptive transaction. *See Gorbaty v. Wells Fargo Bank, N.A.*, 10-CV-3291, 2012 U.S. Dist. LEXIS 55284, at *61-63 (E.D.N.Y. Apr. 18, 2012) (holding that plaintiffs failed to state a claim of GBL § 349 violations related to misleading mortgage disclosure documents because, although plaintiff resided in New York and received some disclosures while she

was in New York, the deception occurred in New Jersey where the real estate closing occurred and the mortgage and loan documents were executed); *c.f. Meachum v. Outdoor World Corp.*, 235 A.D.2d 462 (2d Dep't 1997) (allegations of improper business practices within New York were sufficiently plead where plaintiffs alleged that they executed a contract in Pennsylvania but defendants also engaged in some deceptive conduct in New York by mailing misleading literature to New York residents).

Accordingly, dismissal of Plaintiff's GBL § 349 claim is appropriate based on her failure to allege that the transaction occurred in New York. *See Murrin v. Ford Motor Co.*, 303 A.D.2d 475, 477 (2d Dep't 2003) (holding that plaintiff had not adequately plead a cause of action alleging a violation of GBL § 349 since he failed to allege that the deceptive acts complained of took place within the State of New York). Thus, the Court recommends that Plaintiff's class action claim for violations of GBL § 349 be dismissed.

 b. *Subject Matter Jurisdiction*

The Class Action Fairness Act of 2005 ("CAFA") "amends the diversity jurisdiction statute by adding § 1332(d), which confers original federal jurisdiction over any class action with minimal diversity (e.g., where at least one plaintiff and one defendant are citizens of different states) and an aggregate amount in controversy of at least $5 million (exclusive of interest and costs)." *Estate of Pew v. Cardarelli*, 527 F.3d 25, 30 (2d Cir. 2008) (citing 28 U.S.C. § 1332(d)(2)).

This matter was removed to District Court by Progressive under § 1332(d) based on Plaintiff's class action claim for violations of GBL § 349. Under CAFA, only minimal diversity of citizenship is necessary; meaning that original jurisdiction is present in any class action in which "any member of a class of plaintiffs is a citizen of a State different

from any defendant." § 1332(d)(2)(A). In this case, the minimal diversity of citizenship between Plaintiff and Progressive supported removal to Federal court. However, as Plaintiff has failed to state a class action claim upon which relief can be granted, no subject matter jurisdiction under CAFA will exist going forward.

The Court lacks diversity jurisdiction over the remaining negligence and fraud claims as Plaintiff and the Staniszewski Defendants are citizens of New York and are therefore non-diverse. *See Herrick Co. v. SCS Communs., Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships"); *see* 28 U.S.C. § 1332(a). Further, no basis for Federal question jurisdiction here exists under 28 U.S.C. § 1331.

In light of this, it is recommended that Plaintiff's remaining causes of action be remanded to State court pursuant to 28 U.S.C. § 1447(c). In the event the District Court reaches a different conclusion regarding the sufficiency of Plaintiff's GBL § 349 pleading or its effect on the Court's subject matter jurisdiction, it is requested that the motions be re-referred to the Magistrate Judge for consideration of the remaining issues.

   c. *Leave to Amend*

As Plaintiff has already had opportunity to amend her complaint, and she has not sought leave to further amend her pleading in response to these motions, the Court finds it appropriate to recommend dismissal with prejudice. *See Red Mt. Med. Holdings, Inc. v. Brill*, 20-CV-2652, 2021 U.S. Dist. LEXIS 184946, at *41 n.16 (S.D.N.Y. Sept. 27, 2021) (quoting *Chen v. Antel Communs*, 653 Fed. Appx. 43, 44 (2d Cir. 2016)) ("'Although federal courts are inclined to grant leave to amend following a dismissal order,' a district

court does not abuse its discretion if it dismisses a claim with prejudice where, as here, 'leave to amend has not been sought.'").

## CONCLUSION

For the foregoing reasons, it is recommended that Defendant Progressive's motion to dismiss Plaintiff's GBL § 349 class action claim (Dkt. No. 7) be granted, and the matter be remanded to State court based on the District Court's lack of subject matter jurisdiction over the action. It is further recommended that the Staniszewski Defendants' motion to dismiss, motion to sever, and motion to remand (Dkt. No. 9) be denied as moot.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

SO ORDERED.

Dated:   August 24, 2022
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge