UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSICA L. SOUTHERLAND

      Plaintiff,

v.                                 22-CV-23

TATIANA G. STANISZEWSKI,
JEFFREY D. STANISZEWSKI, and
PROGRESSIVE CASUALTY
INSURANCE COMPANY,

      Defendants.
_____

## DECISION AND ORDER

Plaintiff Jessica L. Southerland commenced this action in the Supreme Court of the State of New York, County of Erie, on September 16, 2021, asserting claims for fraud and negligence against Defendants Tatiana G. Staniszewski, Jeffrey D. Staniszewski (collectively, the "Staniszewskis") and Progressive Casualty Insurance Company ("Progressive"). Dkt. 1-2, at 5-11. On January 7, 2022, Progressive removed the case to this Court. Dkt. 1.

On January 31, 2022, Progressive filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 7. On February 4, 2022, the Staniszewskis filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a motion to sever pursuant to Fed. R. Civ. P. 21, and a motion for remand pursuant to 28 U.S.C. § 1447(c). Dkt. 9. On February 8, 2022, this Court referred the case to United States Magistrate Judge

Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 10.

On March 1, 2022, Plaintiff filed a response in opposition to the pending motions (Dkt. 7, 9). Dkt. 15. Progressive and the Staniszewskis each filed a reply. Dkt. 16, 17. The parties appeared before Judge Roemer for oral argument on March 25, 2022. *See* Dkt. 22. The parties thereafter filed supplemental submissions in relation to the pending motions (Dkt. 7, 9). Dkt. 23-24, 26-29.

On August 25, 2022, Judge Roemer issued a Report and Recommendation ("R&R") recommending that that this Court grant Progressive's motion to dismiss (Dkt. 7) in part remand the matter to State Court. Dkt. 30. Specifically, Judge Roemer recommended that this Court dismiss Plaintiff's claim under New York General Business Law ("GBL") Section 349 and remand the matter to State Court based on the District Court's lack of subject matter jurisdiction. *Id.* at 11. Judge Roemer further recommended that this Court deny the Staniszewskis' motion to dismiss, motion to sever, and motion to remand (Dkt. 9) as moot. *Id.*

On September 26, 2022, Plaintiff objected to the R&R. Dkt. 33. She also requested that the Court grant her leave to amend the Complaint "to cure any jurisdictional defects." *Id.* at 6. Progressive and the Staniszewskis responded to Plaintiff's objections (Dkt. 35, 36),[1] and Plaintiff replied. Dkt. 37.

---

[1] The Staniszewskis' response stated that they take "no position" on the arguments set forth by Plaintiff. Dkt. 35.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, objections, responses, reply, and the parties' other submissions. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation.

For the reasons stated above and in the R&R, the Court GRANTS Progressive's motion to dismiss Plaintiff's GBL Section 349 claim (Dkt. 7) and remands the matter to State Court. In addition, the Court DENIES as moot the Staniszewskis' motion to dismiss, motion to sever, and motion to remand (Dkt. 9).

The Court further DENIES Plaintiff's request for leave to amend the Complaint (Dkt. 33, at 6) for the reasons set forth in the R&R and because Plaintiff has not filed a proper motion to amend.

SO ORDERED.

Dated:     December 1, 2022
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE